**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Hakimah Jabbar,** | ) CASE NO. 2: 21 CV 999 |
| | ) |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN[1] |
| | ) |
| v. | ) |
| | ) **Memorandum of Opinion and Order** |
| **District Judge James Graham,** *et al.*, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**Introduction and Background**

This is a removed *pro se* action filed by plaintiff Hakimah Jabbar. This is yet another of multiple civil actions plaintiff has filed against Judge Graham arising from a criminal forfeiture proceeding brought against another individual (Deandre Forrest) over which Judge Graham presided. *See United States v. Forrest*, Case No. 2:17-cr-158 (S.D. Ohio).[2] Plaintiff filed a third-party petition to intervene in that criminal case, claiming an interest in the property that was subject to the court's preliminary order of forfeiture (namely, $28,223 in drug proceeds). Judge Graham granted the government's motion to dismiss plaintiff's petition for failure to comply with 21 U.S.C. § 853(n)(3) because the petition was not signed under penalty of perjury

---

[1]Designated to hear this case by the Chief Judge of the Sixth Circuit Court of Appeals. (*See* Doc. No. 12.)

[2]The Court may take judicial notice of "materials that are public records," *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 925 (N.D. Ohio 2009), including records "of other court proceedings." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

and its "vague allegations [were] not sufficient to assert the existence [of] any legally cognizable property interest on the part of [plaintiff] in the forfeited currency." (*Id.*, Doc. No. 77 at 3.)

Days later, plaintiff filed a petition for a civil stalking protection order against Judge Graham in Ohio state court. Judge Graham removed the case to federal court, and the district court granted his motion to dismiss on judicial-immunity grounds. *Jabbor v. Graham*, Case No. 1:18-cv-95 (S.D. Ohio Aug. 17, 2018) (order).

In January 2020, plaintiff filed a second petition in state court for a civil stalking protection order against Judge Graham, which was also removed to federal court. *Jabbar v. Graham*, Case No. 1: 20-cv-245 (S.D. Ohio). In this petition, plaintiff claimed Judge Graham "used gov't agencies and officials to steal my title, rights, and judicial claim to the forfeited property of Deandre Forrest"; "used agents for local churches to send mail to my house, that was meant for the prosecutor"; "used these and other source[s] to build a dossier against me"; "refused to hand over DNA analysis reports," and "used other people['s] DNA illegally in a vile sexual mann[e]r." (*Id*. at Doc. No. 1-1 at 3-4). Judge Graham moved to dismiss the action on the basis of judicial immunity. A magistrate judge recommended granting the motion, and the district court adopted this recommendation and dismissed the case. The Sixth Circuit affirmed the dismissal on appeal. *See Jabbar v. Graham*, No. 20-3483, 2020 WL 9254514 (6th Cir. Dec. 17, 2020).

In December 2020, plaintiff filed a third lawsuit against Judge Graham, this one directly in federal court. *Jabbar v. Graham*, Case No. 2: 20-cv-6406 (S.D. Ohio). Magistrate Judge Jolson screened plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and

recommended that the action be dismissed as duplicative of plaintiff's prior actions and on the basis of judicial immunity. The district court adopted Magistrate Judge Jolson's recommendation and dismissed the case.

Plaintiff also continued to file documents in the criminal forfeiture proceeding, asserting a continued interest in the forfeited property and demanding that it be returned to her. In January 2021, Magistrate Judge Jolson issued an order in the case, enjoining her from filing any further documents or pleadings without first obtaining certification from an attorney that there is a good faith basis for the relief sought. (*See* Case No. 2: 17-cr-158, Doc. No. 190.)

Less than a month later, plaintiff initiated this action by filing a Petition for Mandamus against Judge Graham and Magistrate Judge Jolson in the Ohio Supreme Court. (Doc. No. 1-1). Although this pleading consists of unclear assertions and legal rhetoric, plaintiff contends Judge Graham and Magistrate Judge Jolson violated her rights in some way by their decisions and orders in Mr. Forrest's criminal case and/or her prior dismissed civil cases. Among other complaints, plaintiff continues to contend she is entitled to the property at issue in Mr. Forrest's criminal forfeiture case; she challenges orders entered in the criminal case, including the order enjoining her from filing further documents and pleadings; and she contends Mr. Forrest is wrongly detained. The defendants removed the action here and have moved to dismiss it on the basis of judicial immunity. They also ask that plaintiff be declared a vexatious litigator and that pre-filing restrictions be imposed. (Doc. No. 6.)

Plaintiff has filed a response to defendants' motion (Doc. No. 7), and it is now fully briefed.

For the reasons stated below, defendants' motion is granted.

**Standard of Review and Discussion**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a dismissal, the complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Even liberally construed, plaintiff's complaint fails to state any plausible claim upon which she may be granted relief against defendants.

As plaintiff has been clearly apprised in the earlier cases she has filed, "[i]t is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiff's purported claims in this action clearly arise out of and pertain to conduct taken by Judge Graham and Magistrate Judge Jolson during the performance of their official judicial functions in the criminal proceedings against Mr. Forrest, or in the prior actions plaintiff

has filed, as to which Judge Graham and Magistrate Judge Jolson are absolutely immune from suit.  Nothing in plaintiff's pleading, or in her brief opposing defendants' motion, suggests that Judge Graham or Magistrate Judge Jolson took any action falling outside of the scope of their absolute judicial immunity.

The availability of absolute judicial immunity is the proper subject of a Rule 12(b)(6) motion, *see Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997), and this Court finds that this action, like plaintiff's prior actions against Judge Graham, is subject to dismissal on judicial-immunity grounds.

Further, plaintiff has now filed at least four meritless actions (including this action) challenging judicial actions arising in connection with the criminal forfeiture proceedings against Mr. Forrest despite being clearly apprised that such actions are barred by judicial immunity.  Federal courts have the authority to impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters.  *Feathers v. Chevon U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998).  The Sixth Circuit Court of Appeals has approved various pre-filing restrictions imposed on harassing and vexatious litigators as an inherent constitutional and statutory power of the federal courts.  *See Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94–5453, 94–5593, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) . . .").

The Court finds pre-filing restrictions warranted here.  Plaintiff's pattern of continuing to file frivolous and duplicative pleadings and actions against judicial officers who are immune from suit is abusive and imposes an undue burden on the judicial machinery needed by others.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss and to Declare Plaintiff a Vexatious Litigator (Doc. No. 6) is granted;

2. This case is dismissed pursuant to Fed. R. Civ. P. 12(b)(6);

3. Plaintiff Hakimah Jabbar is declared a vexatious litigator and is hereby enjoined and prohibited from filing any new complaints or otherwise initiating any new case in the Southern District of Ohio, unless: (1) any document she files, or by which she seeks to open a new civil case, is accompanied by a copy of this order; (2) the tendered document or filing has been certified as non-frivolous by an attorney in good standing in this Court; and (c) the filing is accompanied either by payment of the full filing fee or a complete motion for leave to proceed *in forma pauperis*.

4. In the event plaintiff files any new action in a state court that is subsequently removed to federal court, plaintiff must comply with the restrictions above and submit a certification in the removed case stating that she has complied with the restrictions within 30 days following removal.

5. The Clerk of Court is directed not to open any new civil case or file any document submitted by plaintiff absent full compliance with the above restrictions and is instructed to dispose of any documents that do not comply;

6. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order is not taken in good faith.

IT IS SO ORDERED.

                                  /s/ Patricia A. Gaughan
                                  PATRICIA A. GAUGHAN
                                  United States District Court
                                  Chief Judge

Dated: 10/12/21